**Memorandum Opinion filed November 6, 2014 Withdrawn; Motion for Rehearing Denied, Dismissed and Substitute Memorandum Opinion filed December 11, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-14-00691-CV

**NGOZI ORISAKWE IN HER CAPACITY AS PRESIDENT AND BOARD CHAIR OF UMUADA IGBO IN DISPORA USA, INC., HOUSTON CHAPTER; AND NGOZI ORISAKWE, INDIVIDUALLY, Appellants**

**V.**

**BRIDGET B. AKAZIE, AGNES OLOLO COMMY AWAGWU AND JANE DOE NOS. 1-20, Appellees**

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-48440**

## SUBSTITUTE MEMORANDUM OPINION

On November 6, 2014, this appeal was dismissed for want of prosecution for failure to pay the appellate filing fee and for preparation of the clerk's record. On November 19, 2014, appellants filed a motion for rehearing asking that the appeal

be reinstated. The filing fee was paid and the clerk's record was filed on November 20, 2014. We deny appellants' motion for rehearing, but we withdraw our memorandum opinion issued November 6, 2014, vacate the judgment of that date, and issue the following substitute memorandum opinion.

The clerk's record reflects that the trial court signed a final judgment on February 4, 2014. Appellants filed a timely motion to set aside or modify the judgment. The motion was denied by a written order signed April 14, 2014. Appellants filed a further motion to reconsider the trial court's April 14, 2014 denial of appellants' motion for to set aside or modify the judgment. The trial court denied the motion by written order signed July 24, 2014. Appellants' notice of appeal was filed August 23, 2014.

When a timely post-judgment motion is filed, the appellate timetable is extended for 90 days after the final judgment is signed. *See* Tex. R. App. P. 26.1(a). The final judgment was signed February 4, 2014, making appellants' notice of appeal due May 5, 2014. The appellate rules provide for a 15-day extension if the notice of appeal is filed within 15 days of its due date. *See* Tex. R. App. P. 26.3. Appellants' notice of appeal was filed beyond the 15-day period for an extension of time.

On November 25, 2014, this court notified the parties that the court would consider dismissing the appeal for want of jurisdiction unless a response was filed demonstrating that this court has jurisdiction over the appeal. Appellants filed a response on December 3, 2014. In their response, appellants argue that the time to perfect an appeal begins when the order denying a motion for new trial is signed, citing Texas Rule of Civil Procedure 329b(g) and (h).

Rule 329b(g) provides that a motion to modify or reform the judgment must be "filed and decided within the same time period prescribed for deciding a motion

2

for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial." Tex. R. App. P. 329b(g). This rule applies in this case to extend the time to perfect the appeal for 90 days from the February 4, 2014 judgment. Rule 329b(h) provides that if the judgment is modified, the time to perfect the appeal "shall run from the time the modified, corrected, or reformed judgment is signed." Tex. R. App. P. 329b(h). The appellate record contains no modified, corrected or reformed judgment in this case.

Appellants' notice of appeal was due May 5, 2014, or at the latest May 20, 2014, if a 15-day extension had been granted. Appellants' notice of appeal filed August 23, 2014 was filed too late to appeal the February 4, 2014 judgment. Accordingly, the appeal is ordered dismissed for want of jurisdiction.


PER CURIAM


Panel consists of Justices McCally, Brown, and Wise.